E-FILED
Friday, 25 October, 2013  11:40:01 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Sampson Kulley )  | | |
|    Plaintiff ) | | |
| ) | | |
| v. ) | 13-4092 | |
| ) | | |
| Tyson Fresh Meats ) | | |
|    Defendant ) | | |
| ) | | |

**REPORT AND RECOMMENDATION**

The court has an "independent duty to satisfy itself that it has subject-matter jurisdiction." *Hammes v AAMCO Transmission, Inc.,* 33 F3d 774, 778 (7th Cir 1994); *Wisconsin Knife Works v National Metal Crafters,* 781 F2d 1280, 1282 (7th Cir 1986). This Court has therefore reviewed the assertions of jurisdiction in the Notice of Removal *sua sponte*. Although the assertions of citizenship are adequate, the Court has doubts about whether this case places into controversy the requisite amount in controversy.

Removal is proper over any action that could have originally been filed in federal court. 28 USC §1441. Here, Tyson removed the case on diversity grounds. 28 USC §1332. As the party seeking to invoke federal diversity jurisdiction, Tyson bears the burden of demonstrating that the amount in controversy requirement - that damages be in excess of $75,000 - is met. 28 USC §1332; *Chase v Shop 'N Save Warehouse Foods, Inc.,* 110 Fd 424, 427 (7th Cir 1997), citing *NLFC, Inc. v Devcom Mid-America, Inc.,* 45 F3d 231, 237 (7th Cir 1995); *Jones v General Tire & Rubber Co.,* 541 F2d 660, 664 (7th Cir 1976).

A defendant meets this burden by supporting allegations of jurisdiction with "competent proof," *McNutt v General Motors Acceptance Corp.,* 298 US 178, 189 (1936), which in the Seventh Circuit requires the defendant to offer evidence which proves "to a reasonable

probability that jurisdiction exists." *Chase*, 110 F3d at 427, citing *Gould v Artisoft, Inc.,* 1 F3d 544, 547 (7th Cir.1993). The district court is limited to examining only that evidence of amount in controversy that was <u>available on the date the suit was removed</u>. *Chase*, 110 F3d at 428, citing, *In re Shell Oil Co.,* 970 F2d 355, 356 (7th Cir 1992) (per curiam); see also, *Oshana v Coca-Cola Co.,* 472 F 3d 506, 510-11 (7th Cir 2006), citing *BEM I, L.L.C. v Anthropologie, Inc.,* 301 F3d 548, 552 (7th Cir 2002).

As the *Oshana* Court noted, "[t]hat is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." 472 F3d 510. Thus, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Id*, citing *Rubel v Pfizer, Inc.,* 361 F3d 1016, 1020 (7th Cir 2004).

In his complaint, Plaintiff alleges that he has "sustained damages … in that he lost wages and benefits…" (Exh A to Notice of Removal). The complaint does not state the amount of those damages, simply alleging that the amount exceeded $50,000 (which under Illinois law determines the specific court that will hear the case). Tyson served interrogatories to the Plaintiff, seeking information about the amount of damages. In Interrogatory No.2, Tyson asked Plaintiff to "[s]tate the precise amount of damages that you claim to have suffered … and itemize each and every item of damages or claims with a specific amount…" In response, Plaintiff stated, "Precise amount is unknown at this time. Wage loss estimate is $65,000 see attached copy of paystub." (Exh. I to Notice of Removal).

The only evidence of damages reveals that damages fall short of the requisite $75,000. Tyson points out that Plaintiff also seeks "lost benefits," but the Court has no way of knowing - or even estimating - the value of those lost benefits, and Tyson (who would certainly have access

to this information) has produced no evidence that lost benefits will exceed $10,000. Tyson further suggests that the dollar value of the lost wages will surely grow during the time this case takes to proceed to trial, but that growth is immaterial; what matters is the amount of damages at the time of removal. Tyson also suggests that Plaintiff might be seeking other types of compensatory damages or may add punitive damages, although neither is currently pled. Speculating about possible damages does not meet the burden of being "plausible and supported by a preponderance of the evidence," nor does it allow the Court to conclude with "reasonable probability" that Plaintiff is seeking in excess of $75,000.

I therefore recommend that this case be remanded to State Court for lack of diversity jurisdiction. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report and Recommendation.  FRCP 72(b); 29 USC636 (b)(1).  Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Video Views Inc. v Studio 21, Ltd.,* 797 F2d 538 (7th Cir 1986).

Entered: October 25, 2013

s/ John A. Gorman

John A. Gorman
U.S. Magistrate Judge