IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SAMPSON KULLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-cv-04092-SLD-JAG |
| | ) |
| TYSON FRESH MEATS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is U.S. Magistrate Judge John A. Gorman's Report and Recommendation ("Report") to remand this case to state court due to a lack of diversity jurisdiction. ECF No. 6. Based on Defendant's Objections to the Report and accompanying affidavits, *see* ECF No. 7, the Court is now satisfied that the amount-in-controversy requirement of 28 U.S.C. § 1332 is met and therefore REJECTS the Report.

**BACKGROUND**

On March 13, 2013, Plaintiff Sampson Kulley ("Kulley") sued his former employer, Defendant Tyson Fresh Meats, Inc. ("Tyson") in the Circuit Court of Rock Island County, Fourteenth Judicial Circuit, Illinois, claiming he was fired in retaliation for seeking worker's compensation benefits for on-the-job injuries. ECF No. 1, Ex. A at 2. Kulley did not estimate the value of the damages he suffered as a result of "lost wages and benefits," but stated that the amount exceeded $50,000, conforming with Illinois state court procedure for determining which division will hear the case. *Id.* at 1-2. Tyson filed a notice of removal on October 23, 2013, to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441.

On October 25, 2013, Judge Gorman entered the Report, finding the allegations regarding diversity of citizenship adequate but recommending that the case be remanded to state court due to a lack of the requisite $75,000 amount in controversy. ECF No. 6. On November 8, 2013, Defendant Tyson Fresh Meats ("Tyson") objected to the Report, arguing there is sufficient evidence that Kulley's claim exceeds $75,000 based on: (1) the affidavits attached to the Objections; (2) the value of potential compensatory and/or punitive damages and attorney's fees; and (3) an inference arising from Kulley's alleged refusal "to either confirm or disavow the types or amounts of damages." ECF No. 7.

## DISCUSSION

### I. Legal Standard

When reviewing a magistrate judge's recommendation on a dispositive issue, the court considers de novo those portions of the report to which a party has filed a timely objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A case may be removed to federal court if it could have been brought there originally. 28 U.S.C. § 1441. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332. The proponent of jurisdiction bears the burden of demonstrating by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). When removing a suit, the defendant is not bound by the plaintiff's estimate of the stakes, but is

entitled to submit her own. *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (citations omitted). The defendant's estimate—supported by proof of any contested jurisdictional facts—"controls unless a recovery that large is legally impossible." *Id.*

Amount in controversy is examined as of the date of removal, not of the original filing in state court. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). Events occurring after removal generally do not affect jurisdiction. *See Back Doctors*, 637 F.3d at 830 (citations omitted). However, "events subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the current amount in controversy, can be considered when deciding what that original amount in controversy was." *BEM I,* 301 F.3d at 552; *see also Kalin v. QBE Ins. (Australia) Ltd.*, No. 12 C 2147, 2013 WL 316794, at *3 (N.D. Ill. Jan. 28, 2013) (noting that a party's post-removal affidavit could be considered in establishing amount in controversy).

**II. Analysis**

The Magistrate's Report found that Tyson had not established the $75,000 amount in controversy because the only evidence of damages was Kulley's interrogatory response that his wage loss estimate was $65,000 but the "[p]recise amount is unknown." ECF No. 6 at 2; ECF No. 1, Ex. I. The Report noted that Kulley also seeks the value of lost benefits, but Tyson had produced no evidence that those benefits would exceed $10,000. ECF No. 6 at 2-3. Tyson has objected to the Report's appraisal of the damages estimate, *see* ECF No. 7, and therefore the Court reviews this issue de novo. *Schur*, 577 F.3d at 760.

Tyson is not bound by Kulley's estimate of damages, but may supply its own. *Back Doctors*, 637 F.3d at 830. Accompanying its Objections, Tyson produced affidavits estimating that Kulley's

lost wages were $72,416 and lost benefits—including lost 401(k) match payments by Tyson, the penalty due to early 401(k) distribution, and lost medical, dental, vision, and life insurance coverage—amounted to $10,890.35. ECF No. 7 at 2-3; ECF No. 7, Ex. B (Declaration of Charlotte Snowden); ECF No. 7, Ex. C (Declaration of Caroline Campbell). Together, Tyson's estimate of Kulley's claimed damages is $83,306.35 as of approximately the date of removal.

Tyson's affidavits were not filed with the Court as of removal, but were filed with the Objections to clarify the value of "lost wages and benefits." ECF No. 1, Ex. 1 at ¶ 6; *see Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997) (considering evidence of amount in controversy presented after removal where it "sheds light on the situation which existed when the case was removed"). Accordingly, the Court may consider the affidavits in determining whether there is a sufficient amount in controversy. *See Anthropologie*, 301 F.3d at 552. In the absence of countervailing evidence from Kulley showing that a recovery of this size is legally impossible, *see Back Doctors*, 637 F.3d at 830, Tyson has shown by a preponderance of the evidence that the amount-in-controversy requirement is met.

Because Tyson's estimate of Kulley's lost wages and benefits meet the jurisdictional requirements, the Court need not address Kulley's additional arguments.

## CONCLUSION

For the foregoing reasons, the Court REJECTS Magistrate Judge Gorman's Report and Recommendation, ECF No. 6.

Entered this 14th day of January, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
